<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL A. HANNAH, | Civil Action No. 14-5290 (FLW) |
| Plaintiff, | |
| v. | OPINION |
| BRIDGEWATER POLICE DEPT., et al., | |
| Defendants. | |

**APPEARANCES**:

    MICHAEL A. HANNAH, #74793
    Somerset County Jail
    P.O. Box 3000
    Somerville, NJ   08876
    Plaintiff *Pro Se*

<u>**WOLFSON, District Judge**</u>:

    Michael A. Hannah, a pretrial detainee who is confined at the Somerset County Jail in New Jersey, seeks to file a Complaint asserting claims against the Bridgewater Police Department, Somerset County, an assistant prosecutor and a Superior Court Judge.  This Court will grant Plaintiff's application to proceed *in forma pauperis.*   For the reasons expressed in this Opinion, and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court will dismiss the Complaint.

**I.   <u>BACKGROUND</u>**

    The case arises from Hannah's state criminal prosecution.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  He alleges that, on December 14, 2010, he and Elizabeth Sapp had a disagreement, and Hannah returned to his place. Hannah alleges that Police Officer Sean O'Neill called him for two weeks, but Hannah refused to

speak with the officer. He asserts that on December 21, 2012, police arrested him on warrants issued by Essex County and Somerset County. Hannah alleges that he was held at the Essex County Jail until December 18, 2013, when he was sentenced to time served on the Essex County charge; he was apparently transferred to the Somerset County Jail, where he currently awaits trial. He asserts that the Bridgewater Police Department violated his constitutional rights by continuing to call him; Assistant Prosecutor Meryl Mezzacappa violated his rights by prosecuting him in the Superior Court, even though the victim did not press charges against him, and falsely imprisoning him; Somerset County violated his rights by allowing this to take place; and Superior Court Judge Paul Armstrong violated his rights by allowing the case to proceed contrary to justice. He seeks the following relief: "I would like the courts to hold Bridgewater Police Department[,] Meryl Mezzacappa[,] Asst. Prosecutor[, and] Somerset County [ac]countable for all the false charges, false imprisonment, los[s] of time out of m[y] & my kid[']s life, los[s] of w[a]ges, pain & suffering, [and] health issue" by awarding $250,000 in damages and dismissing the false charges. (ECF No. 1 at 7.)

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. *Id.* This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis,* he is a prisoner, and he seeks redress from a governmental entity.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area*

---

[1] The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint under Rule 12(b)(6).  *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

*School Dist.*, 475 U.S. 534, 541 (1986). Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Hannah sues the Bridgewater Police Department, but a police department is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978). *See Draper v. Darby Tp. Police Dept.*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 825-26 (D.N.J. 1993). Although Somerset County is subject to suit under § 1983, Hannah's Complaint does not sufficiently plead a § 1983 claim against the County. A county cannot be found liable under § 1983 simply because it employs wrongdoers. *See Monell,* 436 U.S. at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. As this Complaint does not

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

4

"identify a custom or policy," "specify what exactly that custom or policy was," *McTernan v. City of York, PA*, 564 F. 3d 636, 658 (3d Cir. 2009), or assert facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)), it does not plead a claim against Somerset County under the *Iqbal* standard.

Hannah also claims that the Prosecutor violated his rights by pursuing the criminal prosecution against him in Somerset County and the Superior Court Judge violated his rights by allowing the prosecution to occur, but a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," including initiation of a prosecution and use of false testimony, *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1504 (2012); *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Hartman v. Moore,* 547 U.S. 250, 262 n.8 (2006); *Moore v. Middlesex County Prosecutors Office*, 503 F. App'x 108 (3d Cir. 2012), and a judge "in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Because the Complaint does not state a cognizable claim under § 1983 against any named Defendant, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

B. Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012);

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). However, Hannah's allegations do not suggest that his constitutional rights were violated, and the doctrine of *Younger v. Harris,* 401 U.S. 37 (1971), bars this Court from enjoining or interfering in Hannah's state criminal prosecution. *See Sprint Communications, Inc., v. Jacobs,* 134 S.Ct. 584, 588 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). This Court will not grant Hannah leave to amend the Complaint because his allegations indicate that amendment would be futile.[3]

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.

  s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

DATED:   August 28, 2014

---

[3] However, in the event that Hannah believes that he may be able to assert facts stating a cognizable claim of race discrimination or some other violation of his constitutional rights under 42 U.S.C. § 1983 against a proper defendant, then he may ask this Court to reopen the case, provided he attaches to his request a proposed amended complaint (which is complete on its face and names a "person" subject to suit under § 1983).